**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

**Richard Allen Smith, Sr.,**

Plaintiff, v.

**United States District Court for the Eastern District of Michigan;**

**Eastern District Court Administration;**

**Eastern District Clerk's Office;**

**Eastern District ADA Coordinator;**

**United States Marshals Service – Court Security Division;**

**John/Jane Does 1–20,** Defendants.

Case No. 2:26-cv-12570-MAG-KGA

Hon. Mark A. Goldsmith

Magistrate Judge Kimberly G. Altman

**AMENDED COMPLAINT**

Plaintiff Richard Allen Smith, Sr., proceeding pro se, states:

**I. PARTIES**

1. Plaintiff **Richard Allen Smith, Sr.** resides in Ypsilanti, Michigan.

2. Defendant **United States District Court for the Eastern District of Michigan** is a federal judicial entity located in Detroit, Michigan.

3. Defendant **Eastern District Court Administration** manages court operations, scheduling, public access, ADA processes, and litigant services.

4. Defendant **Eastern District Clerk's Office** handles filings, docketing, communication, and litigant access.

5. Defendant **Eastern District ADA Coordinator** is responsible for disability-related accommodations and compliance with federal disability-access requirements.

6. Defendant **United States Marshals Service – Court Security Division** controls physical access to the courthouse and courtrooms.

7. Defendants **John/Jane Does 1–20** are unknown federal employees who participated in, directed, or enabled the violations described herein. **II. JURISDICTION AND VENUE**

8. This Court has jurisdiction under **28 U.S.C. § 1331** because Plaintiff asserts federal claims under:

   o   Rehabilitation Act § 504 o   First Amendment o   Fifth Amendment Due Process o  Equal Protection o   Constitutional Access-to-Courts Doctrine

9. Supplemental jurisdiction exists under **28 U.S.C. § 1367** for related state-law claims.

10. Venue is proper under **28 U.S.C. § 1391(e)** because Plaintiff resides in this district and the events occurred here. **III. FACTUAL ALLEGATIONS**

11. Plaintiff is a pro se litigant involved in constitutional and civil-rights matters, including disability-access issues.

12. Plaintiff repeatedly requested oral argument, hearings, and the right to speak in his federal cases.

13. Plaintiff was denied oral argument in every instance.

14. Plaintiff was denied the right to speak at every court date.

15. Plaintiff was never permitted to present arguments, evidence, or objections.

16. Plaintiff submitted disability-related accommodation requests, including assistance with communication, scheduling, and participation.

17. Defendants ignored, denied, or failed to process these requests.

18. Defendants failed to provide alternative means for Plaintiff to be heard.

19. Defendants treated Plaintiff differently from represented litigants and similarly situated individuals.

20. Defendants obstructed Plaintiff's ability to participate in hearings, file motions, and receive equal access to court services.

21. Defendants' actions created a pattern of procedural silencing, preventing Plaintiff from participating in his own cases.

22. Plaintiff's federal cases were directly harmed by this pattern.

23. Federal District Judge Mark A. Goldsmith repeatedly denied Plaintiff oral argument and refused to allow Plaintiff to speak.

24. Federal Magistrate Judge Anthony P. Patti also denied Plaintiff oral argument, denied hearings, and refused to allow Plaintiff to speak.

25. Although judicial immunity prevents naming these judges as defendants, their conduct forms part of the broader pattern of denial of access and failure to provide disability-related accommodations.

26. Administrative staff, ADA coordinators, clerks, and security personnel responsible for implementing court procedures contributed to, enabled, or failed to correct these violations.

27. Plaintiff suffered emotional distress, litigation disadvantage, procedural harm, and constitutional injury as a result of Defendants' actions.

**IV. CAUSES OF ACTION**

**COUNT I – Rehabilitation Act § 504 (29 U.S.C. § 794)**

*(Federal equivalent of ADA Title II)*

28. Plaintiff incorporates all prior paragraphs.

29. Defendants are federal entities receiving federal financial assistance.

30. Plaintiff is a qualified individual with a disability.

31. Defendants denied Plaintiff meaningful access to court programs, services, and participation.

32. Defendants failed to provide reasonable accommodations.

33. Defendants' conduct violated § 504 of the Rehabilitation Act.

**COUNT II – Michigan PWDCRA (MCL 37.1101 et seq.)**

34. Defendants denied Plaintiff full and equal access to public services.

35. Defendants failed to accommodate Plaintiff's disability.

36. Defendants' conduct violated the PWDCRA. **COUNT III – First Amendment (Right to Petition)**

37. Defendants obstructed Plaintiff's ability to speak, be heard, and participate in judicial proceedings.

38. Defendants' actions violated Plaintiff's First Amendment rights.

**COUNT IV – Fifth Amendment (Due Process)**

*(Federal courts are bound by the Fifth Amendment, not the Fourteenth)*

39. Defendants denied Plaintiff a meaningful opportunity to be heard.

40. Defendants' actions were arbitrary, discriminatory, and unconstitutional.

**COUNT V – Equal Protection (Fifth Amendment)**

41. Plaintiff was treated differently from similarly situated litigants.

42. Defendants' conduct lacked any rational basis.

**COUNT VI – Access to Courts (Constitutional Doctrine)**

43. Defendants interfered with Plaintiff's ability to pursue legal claims.

44. This constitutes a constitutional violation. **COUNT VII – Negligence / Gross Negligence**

45. Defendants owed Plaintiff duties of care in handling filings, disability requests, and access.

46. Defendants breached those duties.

47. Plaintiff suffered damages. **V. RELIEF REQUESTED**

Plaintiff requests:

A. Declaratory judgment that Defendants violated Plaintiff's rights.

B. Injunctive relief requiring proper disability accommodations.

C. Injunctive relief requiring equal access to hearings and oral argument.

D. Compensatory damages in an amount to be proven at trial.

E. Punitive damages where permitted by law.

F. Costs and fees.

G. Any other relief the Court deems just and proper.

**VI. JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.



**Richard Allen Smith, Sr.**

Appellant, In Pro Per

6286 Vail Dr Ypsilanti, Michigan 48197

Email: Scruffy1979@Outlook.com

Phone: 734-487-9708

Date: 08/06/2026